# Exhibit B

ORIGINAL

1  Steven N. Bloom (State Bar No. 089236)
   Bruce D. Poltrock (State Bar No. 162448)
2  Brian L. Bloom (State Bar No. 234083)
   FRANDZEL ROBINS BLOOM & CSATO, L.C.
3  6500 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048-4920
4  Telephone:  (323) 862-1000
   Facsimile:  (323) 651-2577
5
6  Attorneys for Plaintiff, VINEYARD BANK, N.A.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 26 2009

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
CONNIE L. HUDSON

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VINEYARD BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>374 WEST 8TH STREET, LLC, a California limited liability company; AZIZ ASHAI aka TONY ASHAI, an individual; ATHAR ASHAI, an individual; EMIL YOUSSEFZADEH, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  BC 409 044<br><br>[Assigned to the Hon. Rolf M. Treu, Dept. 58]<br><br>1. **ORDER FOR EX PARTE APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN AID OF THE RECEIVER; AND**<br><br>2. **ORDER TO SHOW CAUSE REGARDING CONFIRMATION OF EX PARTE APPOINTMENT OF RECEIVER AND ISSUANCE OF PRELIMINARY INJUNCTION IN AID OF RECEIVER**<br><br>DATE : ~~March 26, 2009~~ May 6, 2009<br>TIME : ~~8:30 a.m.~~ 9:30 a.m.<br>DEPT.: 86 |

553973.1                                            1                                            66200-068
[PROPOSED] ORDER FOR APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On March 26, 2009, in Department 86 of the above-entitled Court, the Application of Vineyard Bank, N.A. ("Bank" or "Plaintiff") for Appointment of Receiver and Preliminary Injunction in Aid of Receiver as to the real property commonly known as 374 West 8th Street, Los Angeles, California 90731 ("Subject Property"), came on for ex parte hearing. Bruce D. Poltrock of Frandzel Robins Bloom & Csato appeared for the Bank; other appearances, if any, were as noted on the record.

### ORDER

Upon due and proper consideration of the verified complaint on file herein, together with the ex parte application for the appointment of a receiver, all of the supporting declarations, and points and authorities, and good cause appearing for the appointment of a receiver in this action:

**IT IS ORDERED** that Robb Evans & Associates, LLC ("Receiver"), be and is hereby appointed Receiver over 374 WEST 8TH STREET, LLC, a California limited liability company ("8th Street"), in this action, subject to the conditions that before entering upon its duties as a Receiver, it shall take the oath and file a bond with a surety thereon of satisfactory proof to the Court in the sum of $10,000.00 to secure faithful performance of its duties as Receiver.

**IT IS FURTHER ORDERED** that Plaintiff post a bond in the amount of $1,500.00 pursuant to Code of Civ. Proc. Section 566(b), and a bond in the amount of $1,500 pursuant to Code of Civ. Proc. Section 529.

**IT IS FURTHER ORDERED** that the Receiver shall have the following powers and responsibilities:

1.   To enter on, gain access to, and take possession of the Subject Property commonly known as 374 West 8th Street, Los Angeles, California 90731. The definition of Subject Property also includes (a) all rents, leases, issues, royalties, and profits, and fixtures associated with, generated from, and/or affixed to the Subject Property; (b) all existing or subsequently erected or affixed buildings, improvements, easements, rights of way, appurtenances, water, water rights, ditch rights, stock in utilities, irrigation rights, royalty rights, mineral, oil, gas, geothermal, and similar rights, pertaining to the Subject Property; (c) all intangible rights associated with any and

1 all development entitlements affecting or pertaining to the Subject Property; (d) all offices from

2 which Defendant 8th Street operates; (e) all books, records, writings, documents, and electronic

3 media concerning the Subject Property, and the computers containing any such electronic media

4 ("Books and Records"); and (f) all of 8th Street's property.

5     2.    To preserve and protect the Subject Property and its improvements, in such a

6 manner as the Receiver, in the exercise of its reasonable judgment, shall determine is necessary (a)

7 ~~to~~ TO PRESENT TO THE COURT A PLAN complete the processing, repairing, conditioning, construction, entitling, and/or sale of the

8 Subject Property, including the individual lots and town homes thereon, and any work in progress,

9 re-mapping, changing the existing entitlements, re-entitling the Subject Property, correcting any

10 encroachments, providing information and documents to the County of Los Angeles concerning

11 the Subject Property and its development and entitlements and changes thereto, as is appropriate

12 for the orderly management, development, and control of the Subject Property; (b) to incur ~~the~~

13 AT THE EXPENSE OF PLAINTIFF, THE expenses necessary to preserve and protect the receivership estate, including but not limited to the

14 Subject Property; ~~and (c) to do all things and to incur the risk and obligations ordinarily incurred~~

15 ~~by owners, managers, developers, and operators of similar businesses and properties, including~~

16 ~~hiring a real estate broker~~. No risks or obligations so incurred shall be at the personal risks or

17 obligation of the Receiver, but shall be a risk or obligation of the receivership estate.

18 ~~3.    To demand, collect, and receive all monies, funds, and payments arising from the~~

19 ~~Subject Property, as a whole or as to individual lots or individual town homes as they are~~

20 ~~completed and sold.~~

21     4.    To take any and all steps necessary to receive, collect, and review all mail

22 addressed to 8th Street, including, but not limited to, mail addressed to each and every one of 8th

23 Street's employees, and any post office boxes held in the name of 8th Street, and at the Receiver's

24 discretion to instruct the U.S. Postmaster to re-route, hold, or release said mail to said

25 Receiver. Mail reviewed by the Receiver in the performance of its duties will promptly be made

26 available for inspection to 8th Street after review by the Receiver.

27     5.    To take possession of all bank accounts of 8th Street and chattel paper and

28 instruments that pertain to the Subject Property, wherever located, and to receive possession of

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

any money on deposit in said bank accounts. Receipt by the Receiver for said funds shall discharge said bank from further responsibility for accounting to said account holder for funds for which the Receiver shall give his receipt.

6. To establish bank accounts at any bank the Receiver deems appropriate for the deposit of monies and funds collected and received in connection with its administration of the receivership estate, provided that all funds on deposit are insured by an agency of the United States government unless such funds are held at Vineyard Bank.

7. To execute and prepare all documents and perform all acts, either in the name of 8th Street, as is applicable, or in the Receiver's own name, which are necessary and incidental to preserving, protecting, managing, developing, entitling, re-mapping, re-entitling, and controlling the Subject Property. ~~Said acts explicitly include, but are not limited to, the right to borrow additional amounts from the Bank pursuant to Receiver's Certificates, which the Receiver in its sole discretion finds is necessary to preserve and complete the improvements to and the entitlements concerning the Subject Property and further, to secure the amounts advanced by the Bank pursuant to the Receiver's Certificates at an interest rate which would be at the same rate as the existing obligation owed to the Bank by 8th Street and which would have the same or greater priority as the Deed of Trust. The Receiver will not under any circumstances be personally liable for any obligations incurred as a result of the exercise of this provision but instead, said obligation shall be the sole obligation of the receivership estate.~~ *PARAGRAPHS 6 THROUGH 18 WILL ONLY BE APPLICABLE AFTER THE RECEIVER'S PLAN IS APPROVED BY THE COURT.*

8. To the extent that Plaintiff and the Defendants agree in writing, the Receiver is authorized to close the sale of the Subject Property, or portions thereof, and to close sales to prospective purchasers thereof, as found by 8th Street, or by the Receiver, through normal, arm's length real escrows. In that regard and subject to the condition of this paragraph, the provisions of Code of Civil Procedure § 568.5 are waived. All proceeds of any such sales shall be used by the Receiver to pay (a) first, all normal and ordinary closing costs including without limitation to any person to whom payment is required for there to be a valid transfer; (b) second, to establish a reserve for payment of receivership fees, costs, and expense; (c) third, to the Bank until paid in full; and (d) fourth, then as otherwise directed by the Court.

9. To compromise any and all claims which may encumber the Subject Property and to do all things and to incur the risks and obligations of similar real estate development enterprises and no risk or obligation incurred by the Receiver shall be at the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate.

10. To hold monies coming into possession of the Receiver and not expended for any of the purposes herein authorized for the payment of 8th Street's obligations to the Bank sued upon in the complaint, subject to such orders as this Court may hereinafter issue as to the disposition thereof.

11. To employ servants, agents, employees, appraisers, guards, clerks, accountants, attorneys and management consultants to administer the receivership estate and to protect the Subject Property as the Receiver deems necessary; to purchase insurance, materials, supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into his possession; to pay the reasonable value of said services out of the proceeds of the estate; and that no risk or obligation incurred by said Receiver shall be the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate.

12. To evaluate the sufficiency of insurance coverages on the Subject Property. In that regard, 8th Street shall notify the Receiver upon the Receiver's taking possession of the Subject Property whether or not there is sufficient insurance coverage on the Subject Property. If sufficient insurance coverage does exist, 8th Street shall be responsible and is hereby ordered to name the Receiver as additional insured on the insurance policy(ies) for the period that the Receiver shall be in possession of the Subject Property. If there is insufficient insurance coverage, the Receiver shall have thirty (30) working days to procure said insurance on the Subject Property, provided the Receiver has funds available to do so, and during said period the Receiver shall not be personally responsible for claims arising which would have been covered by, or for the procurement of, insurance.

13. To prepare periodic interim statements reflecting the Receiver's fees and administrative costs and expenses incurred time to time, in the operation and administration of the receivership estate. Upon completion of an interim statement, and the mailing of said statement to

1 the parties' respective attorneys of record or any other designated personal agent, the Receiver
2 shall pay from the estate funds, if any, the amount of said statement to the Receiver for its fees,
3 costs, and expenses. Despite the periodic statement of Receiver's fees and administrative
4 expenses, such fees and expenses shall be submitted to the Court for its approval and
5 confirmation, in the form of either a noticed interim request for fees or a Receiver's final account
6 and report.

7  14.  To institute ancillary proceedings in this State or other states and countries as is
8 necessary to preserve and protect the receivership estate, and the Receiver may engage the
9 services of legal counsel, if necessary, after application to *and permission from* the Court. The Receiver may pay for
10 such services from the funds of the receivership estate.

11  15.  To file in this action, to the extent feasible within 30 days of his qualification
12 hereunder, an inventory of all property of which he has taken possession pursuant to this Order
13 and to create periodic additional accountings thereafter as circumstances warrant.

14  16.  The Receiver, or any party to this action, may from time to time, and on due notice
15 to all parties, make application to this Court for further orders instructing said Receiver.

16 **TEMPORARY RESTRAINING ORDER**

17 Each of the Defendants herein, including 8th Street, and all of its officers, members,
18 directors, agents, servants, and employees, and all persons or entities acting under or in concert
19 with them, or for them, are ordered to do the following and are restrained and enjoined from
20 engaging in, or performing, directly or indirectly, any or all of the following acts:

21  (a)  Interfering, hindering or molesting in any way whatsoever the Receiver in the
22 performance of the Receiver's duties herein described and in the performance of any duties
23 incident thereto;

24  (b)  Transferring, directly or indirectly, in any manner, any interest by sale, pledge,
25 assignment, and/or encumbrance of, or the grant of any security interest in, the Subject Property,
26 and/or in any proceeds and products thereof;

27 //
28 //

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

(c) Moving the physical location of any construction materials, equipment, or other personal property of 8th Street from any location where it is presently located, or any proceeds and products thereof;

(d) Transferring, concealing, destroying, defacing or altering any of 8th Street's Books and Records;

(e) Causing any mail to be forwarded to any address other than the post office box or business address supplied by the Receiver; and

(f) Failing or refusing to immediately turn over to the Receiver all monies, checks, funds, rents, lease payments, sale proceeds, royalties, or other proceeds relating to the Subject Property and/or its improvements, or failing to make available to the Receiver for inspection and copying all non-privileged Books and Records relating to the Subject Property.

**IT IS FURTHER ORDERED** that during the pendency of the receivership ordered herein, each of the defendants herein, including 8th Street, and all of its officers, members, principals, investors, ~~collectors,~~ stockholders, lessors, customers, ~~and junior lien holders~~ on the subject property and other persons seeking to establish or enforce any claim, right or interest against or on behalf of 8th Street, or any of its subsidiaries or affiliates, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, ~~sheriffs, constables, marshals, and other officers and their deputi~~es, and their respective attorneys, agents, servants, and employees be and are hereby stayed from:

(a) Commencing, prosecuting, continuing to enforce, or enforcing any suit or proceeding against 8th Street, except as such actions may be filed to toll any applicable statutes of limitations;

(b) Commencing, prosecuting, continuing or entering into any suit or proceeding in the name or on behalf of 8th Street;

(c) Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, the Subject Property, or any property claimed by 8th Street, or attempting to foreclose, forfeit, alter, or terminate any of 8th Street's interests in the Subject Property, including, without limitation, the

1  establishment, granting, or perfection of any security interest, whether such acts are part of a
2  judicial proceeding or otherwise;
3      (d)    Using self-help or executing or issuing, or causing the execution or issuance of any
4  court attachment, subpoena, replevin, execution or other process for the purpose of impounding or
5  taking possession of or interfering with, or creating or enforcing a lien upon the Subject Property,
6  wheresoever located, or in the possession of 8th Street, or any of its subsidiaries or affiliates, or of
7  the Receiver appointed pursuant to this Order or any agent appointed by said Receiver; and
8      (e)    Doing any act or thing whatsoever to interfere with the Receiver taking control,
9  possession or management of the Subject Property or to in any way interfere with the Receiver, or
10 to harass or interfere with the duties of the Receiver, or to interfere in any manner with the
11 exclusive jurisdiction of this Court over the Subject Property. Provided however, nothing in this
12 paragraph shall prohibit any federal or state law enforcement or regulatory authority from
13 commencing or prosecuting an action against 8th Street.
14      **IT IS FURTHER ORDERED** that Defendants and 8th Street appear before this Court at
15 8:30 a.m. on ~~April~~ May 6, 2009 in Department 86, located at 111 N. Hill Street, Los Angeles,
16 California, then and there to show cause, if any, it has why the appointment of the Receiver should
17 not be confirmed and continued <u>pendente lite</u> and why such order should not be entered.
18                    **SERVICE AND BRIEFING SCHEDULE**
19      **IT IS FURTHER ORDERED** that the Summons and Complaint, the Ex Parte
20 Application, Memorandum of Points and Authorities, this Order and all declarations and
21 supporting papers are to be served on Defendants no later than ~~March~~ April 3, 2009, and the Proofs of
22 Services shall be filed in Department 86 no later than April 3, 2009. Any opposition to the
23 confirmation of the Receiver is to be personally served by Defendants on Plaintiff's counsel and
24 filed in Department 86 no later than April 17, 2009. A reply by Plaintiff is to be personally
25 //
26 //
27 //
28 //

[PROPOSED] ORDER FOR APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1 | served on Defendants or Defendants' counsel and filed in Department 86 no later than 4:00 p.m.
2 | on April 2*t*, 2009.
3 | DATED: MAR 2 6 2009          By: _David P. Yaffe_
4 |                                   JUDGE OF THE SUPERIOR COURT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

553973.1                                    9                                    66200-068
[PROPOSED] ORDER FOR APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN