## DECLARATION OF KENTON JOHNSON

I, Kenton Johnson, hereby declare as follows:

1.  I am over 18 years of age and have personal knowledge of the facts and circumstances set for in this Declaration, and if called upon to do so, I could and would competently testify thereto. I make this Declaration in support of the *Motion For (A) Relief From the Automatic Stay Under 11 U.S.C. §362, and (B) Relief From Turnover under 11 U.S.C. §543 By Prepetition Receiver or Other Custodian* (the "Motion") filed by Haleh Turkaman ("Senior Lender").

2.  I am a member of a firm that is often appointed by state and federal courts as an Equity Receiver or Receiver of property and its rents, issues, and profits. I have been involved in the California financial and real estate industry for about 30 years. Based upon my nearly 15 years of experience with Receiverships in California I am familiar with the requirements and procedures needed to effectively manage property and have regularly cared for and maintained Receivership property. For the past 15 years, I have been an Executive VP of Robb Evans & Associates LLC, and Deputy to the Receiver, Robb Evans of Robb Evans & Associates LLC, in Sun Valley, California.

3.  In the Winter of 2009, our firm was originally approached to be a Receiver for the property located at 374 West 8th Street, Los Angeles, California 90731 (the "Property").

4.  On or about March 26, 2009, Robb Evans & Associates LLC (amended at the confirmation hearing to Robb Evans of Robb Evans & Associates LLC) was appointed as Receiver to take possession of the Property by order of the Superior Court of California, Los Angeles County (the "State Court") that was entered in the case entitled, *Haleh Turkaman v. 374 West 8th Street, LLC, et al.* BC409044 (the "State Suit"). A true and correct copy of the Order is attached hereto as **Exhibit A**. The Court Order requires that the Receiver submit all bids and plans for approval by the Court and undertake no action regarding construction or repair without prior Court approval.

1

5.  The project consists of a rectangular land parcel with approximately 10,000 square feet. The building structure, when completed, will have five stories and a total of 18 condominium units with a two-level underground structure. After the Receiver took possession of the Property, I found several significant problems with the Property. First, with the building project approximately 35 to 40% complete, all construction activity had ceased and no workers were on site. The structure had no roof covering, and no exterior stucco. The developer had installed non-fire-treated sheer panel plywood on the exterior of the building, and there were no windows or doors.

6.  The Receiver worked with the former plaintiff lender, with no objection from the defendant, to analyze and evaluate proposals for completion of the condominium project. The Receiver engaged a qualified licensed contractor to prepare an estimate of the cost required to complete the project. The Receiver and the contractor spent several months analyzing and studying design and installation deficiencies and problems, preparing solutions, collecting information from subcontractors and checking with the city and other regulatory agencies about required permits and fees. Ultimately the market demand for the finished condominiums indicated the net sale proceeds would barely cover the costs to complete the project. About July 2009, the lender elected to offer its note for sale to the public. While the note was being marketed, the Receiver ceased activity related to construction planning on the project.

7.  In the Fall, the Receiver and the plaintiff bank were discussing the need for a plan to seal the structure when, on October 18, 2009, the lender indicated it had sold its note to the current real party in interest, Haleh Turkaman. The Receiver immediately met with the new plaintiff and determined it was likely that the Receivership would soon be terminated. The Receiver prepared to turn over the accumulated construction documents and began to prepare a final report and accounting. However, near the end of November, 2009 the attorney for the new plaintiff made contact with the Receiver and suggested that the Receivership should continue, at least long enough

to prepare a plan to seal the structure and protect it from the elements, present the plan to the court, and ultimately complete the required initial construction.

8.    On December 22, 2009 the new plaintiff recommended eight subcontractors to complete the construction required to seal the structure and protect it from the elements. On January 4, 2010 the Receiver provided a detailed assessment of the proposed project and the requirements for it to be presented to the court for approval, and ultimately efficiently and effectively completed. By January 14, 2010 the plaintiff had agreed with the Receiver's assessment and analysis and also agreed to provide the funds for the projected construction through a Receiver's Certificate that would be approved by the court. By January 20, 2010 the receiver had met with a qualified contractor, who furnished an acceptable construction proposal to seal the structure and protect it from the elements.

9.    On January 20, 2010, the Receiver re-inspected the property and confirmed that water was entering the structure and installation of roofing, exterior stucco, and doors and windows was essential to prevent any damage from water entry, wind, and other elements. By January 29, 2010 the receiver prepared a report to the court detailing the proposed construction plan to seal the structure and to pay for the work with a Receiver's certificate issued to the lender. On January 29, 2010 at an ex parte hearing, the court determined that service to all parties was not complete and did not approve the motion to approve the proposed construction plan. The Receiver attended another ex parte hearing on February 16, 2000. The court would not approve the re-filed motion to approve the proposed construction plan because of an objection. Another hearing to approve the plan was set on regular noticed motion for March 16, 2010. However, on March 15, 2000 the debtor filed its voluntary bankruptcy petition.

10    Because of the design and installation deficiencies and problems previously identified by the Receiver and his construction consultant, the Receiver believes his custodianship should remain in place. Because the local season for rain is not over, the Receiver's proposed plan to seal the structure and protect it from the elements should be immediately completed. While that work is

3

1  underway and after it is completed, the deficiencies and problems of the project can be further
2  analyzed and corrections and solutions can be prepared and incorporated into a final construction
3  plan.

4      11    The debtor, as developer, is responsible for the design and installation deficiencies
5  and problems. The Receiver believes the custody of the property should not be returned to the
6
7  debtor, but remain with the Receiver as custodian to complete the proposed plan to seal the structure,
8  and to develop a plan to complete the construction, and the eventual marketing and sale of the
9  project for the benefit of all parties.

10      I declare under penalty of perjury under the laws of the State of California that the foregoing
11  is true and correct and that this declaration was executed on March 24, 2010, at Sun Valley,
12  California.

_____
Kenton Johnson

# Exhibit A

Case 2:10-bk-19554-ER    Doc 11    Filed 03/24/10    Entered 03/24/10 10:28:45    Desc
Main Document    Page 5 of 10

ORIGINAL

Steven N. Bloom (State Bar No. 089236)
Bruce D. Poltrock (State Bar No. 162448)
Brian L. Bloom (State Bar No. 234083)
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048-4920
Telephone:    (323) 862-1000
Facsimile:    (323) 651-2577

Attorneys for Plaintiff, VINEYARD BANK, N.A.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 26 2009

John A. Clarke, Executive Officer/Clerk
By_____Deputy
CONNIE L. HUDSON

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VINEYARD BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>374 WEST 8TH STREET, LLC, a California limited liability company; AZIZ ASHAI aka TONY ASHAI, an individual; ATHAR ASHAI, an individual; EMIL YOUSSEFZADEH, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. BC 409 044<br><br>[Assigned to the Hon. Rolf M. Treu, Dept. 58]<br><br>1. **ORDER FOR EX PARTE APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN AID OF THE RECEIVER; AND**<br><br>2. **ORDER TO SHOW CAUSE REGARDING CONFIRMATION OF EX PARTE APPOINTMENT OF RECEIVER AND ISSUANCE OF PRELIMINARY INJUNCTION IN AID OF RECEIVER**<br><br>DATE : ~~March 26, 2009~~ May 6, 2009<br>TIME : ~~8:30 a.m.~~ 9:30 a.m.<br>DEPT.: 86 |

553973.1

1

66200-068

[PROPOSED] ORDER FOR APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN

1. all development entitlements affecting or pertaining to the Subject Property; (d) all offices from which Defendant 8th Street operates; (e) all books, records, writings, documents, and electronic media concerning the Subject Property, and the computers containing any such electronic media ("Books and Records"); and (f) all of 8th Street's property.

2. To preserve and protect the Subject Property and its improvements, in such a manner as the Receiver, in the exercise of its reasonable judgment, shall determine is necessary (a) TO PRESENT TO THE COURT A PLAN to complete the processing, repairing, conditioning, construction, entitling, and/or sale of the Subject Property, including the individual lots and town homes thereon, and any work in progress, re-mapping, changing the existing entitlements, re-entitling the Subject Property, correcting any encroachments, providing information and documents to the County of Los Angeles concerning the Subject Property and its development and entitlements and changes thereto, as is appropriate for the orderly management, development, and control of the Subject Property; (b) to incur the AT THE EXPENSE OF PLAINTIFF, THE expenses necessary to preserve and protect the receivership estate, including but not limited to the Subject Property; ~~and (c) to do all things and to incur the risk and obligations ordinarily incurred by owners, managers, developers, and operators of similar businesses and properties, including hiring a real estate broker~~. No risks or obligations so incurred shall be at the personal risks or obligation of the Receiver, but shall be a risk or obligation of the receivership estate.

~~3.    To demand, collect, and receive all monies, funds, and payments arising from the Subject Property, as a whole or as to individual lots or individual town homes as they are completed and sold.~~

4. To take any and all steps necessary to receive, collect, and review all mail addressed to 8th Street, including, but not limited to, mail addressed to each and every one of 8th Street's employees, and any post office boxes held in the name of 8th Street, and at the Receiver's discretion to instruct the U.S. Postmaster to re-route, hold, or release said mail to said Receiver. Mail reviewed by the Receiver in the performance of its duties will promptly be made available for inspection to 8th Street after review by the Receiver.

5. To take possession of all bank accounts of 8th Street and chattel paper and instruments that pertain to the Subject Property, wherever located, and to receive possession of

9.    To compromise any and all claims which may encumber the Subject Property and to do all things and to incur the risks and obligations of similar real estate development enterprises and no risk or obligation incurred by the Receiver shall be at the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate.

10.    To hold monies coming into possession of the Receiver and not expended for any of the purposes herein authorized for the payment of 8th Street's obligations to the Bank sued upon in the complaint, subject to such orders as this Court may hereinafter issue as to the disposition thereof.

11.    To employ servants, agents, employees, appraisers, guards, clerks, accountants, attorneys and management consultants to administer the receivership estate and to protect the Subject Property as the Receiver deems necessary; to purchase insurance, materials, supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into his possession; to pay the reasonable value of said services out of the proceeds of the estate; and that no risk or obligation incurred by said Receiver shall be the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate.

12.    To evaluate the sufficiency of insurance coverages on the Subject Property. In that regard, 8th Street shall notify the Receiver upon the Receiver's taking possession of the Subject Property whether or not there is sufficient insurance coverage on the Subject Property. If sufficient insurance coverage does exist, 8th Street shall be responsible and is hereby ordered to name the Receiver as additional insured on the insurance policy(ies) for the period that the Receiver shall be in possession of the Subject Property. If there is insufficient insurance coverage, the Receiver shall have thirty (30) working days to procure said insurance on the Subject Property, provided the Receiver has funds available to do so, and during said period the Receiver shall not be personally responsible for claims arising which would have been covered by, or for the procurement of, insurance.

13.    To prepare periodic interim statements reflecting the Receiver's fees and administrative costs and expenses incurred time to time, in the operation and administration of the receivership estate. Upon completion of an interim statement, and the mailing of said statement to

    (c)    Moving the physical location of any construction materials, equipment, or other personal property of 8th Street from any location where it is presently located, or any proceeds and products thereof;

    (d)    Transferring, concealing, destroying, defacing or altering any of 8th Street's Books and Records;

    (e)    Causing any mail to be forwarded to any address other than the post office box or business address supplied by the Receiver; and

    (f)    Failing or refusing to immediately turn over to the Receiver all monies, checks, funds, rents, lease payments, sale proceeds, royalties, or other proceeds relating to the Subject Property and/or its improvements, or failing to make available to the Receiver for inspection and copying all non-privileged Books and Records relating to the Subject Property.

**IT IS FURTHER ORDERED** that during the pendency of the receivership ordered herein, each of the defendants herein, including 8th Street, and all of its officers, members, principals, investors, ~~collectors,~~ stockholders, lessors, customers, ~~and junior lien holders~~ on the subject property and other persons seeking to establish or enforce any claim, right or interest against or on behalf of 8th Street, or any of its subsidiaries or affiliates, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, ~~sheriffs, constables, marshals, and other officers and their deput~~ies, and their respective attorneys, agents, servants, and employees be and are hereby stayed from:

    (a)    Commencing, prosecuting, continuing to enforce, or enforcing any suit or proceeding against 8th Street, except as such actions may be filed to toll any applicable statutes of limitations;

    (b)    Commencing, prosecuting, continuing or entering into any suit or proceeding in the name or on behalf of 8th Street;

    (c)    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, the Subject Property, or any property claimed by 8th Street, or attempting to foreclose, forfeit, alter, or terminate any of 8th Street's interests in the Subject Property, including, without limitation, the

1 | served on Defendants or Defendants' counsel and filed in Department 86 no later than 4:00 p.m.
2 | on April 2¥, 2009.
3 | DATED: MAR 2 6 2009           By: _____
4 |                                    JUDGE OF THE SUPERIOR COURT

553973.1                           9                                66200-068

[PROPOSED] ORDER FOR APPOINTMENT OF RECEIVER, AND TEMPORARY RESTRAINING ORDER IN
AID OF THE RECEIVER, ETC.