Joshua D. Wayser (SBN: 152711)
Daniel A. Platt (SBN: 132665)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>374 West 8th Street, LLC, a Corporation,<br><br>Debtor and Debtor in Possession. | Case No. 2:10-bk-19554-ER<br><br>Chapter 11<br><br>**MOTION FOR WITHDRAWAL OF COUNSEL FOR CREDITOR HALEH TURKAMAN**<br><br>Judge: Ernest M. Robles<br><br>**Hearing**:<br>Date: April 22, 2010<br>Time: 11:00 a.m.<br>Ctrm: 255 East Temple Street<br>      Los Angeles, CA<br>      Ctrm: 1568 |

Joshua D. Wayser and Daniel Platt (collectively, "Counsel"), pursuant to LBR 2091-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, herby move to withdraw as counsel for creditor Haleh Turkaman ("Turkaman") and states as follows:

1.    Counsel was retained by Turkaman and provided legal services to Turkaman in connection with the state court case entitled *Haleh Turkaman v. 374 West 8th Street, LLC, et al.*, Case No. BC409044 (the "State Court Case").

1

CHI02_60793852v1

2. Counsel and Turkaman have a personality conflict making it unreasonably difficult to represent Turkaman, including, among other things, lack of cooperation.

3. Due to the above issues, on March 18, 2010, Counsel in the State Court Case filed a Notice of Motion and Motion to be Relieved as Counsel. A copy of the Motion to be Relieved as Counsel is attached hereto as <u>Exhibit 1</u> and incorporated herein by this reference.

4. On March 24, 2010 Robert Schachter called Counsel and advised Counsel that he is in the process of being retained by Turkaman, but that he would not be substituting into the State Court case for a few weeks and had not yet decided whether to represent Turkaman in this case.

5. To preserve Turkaman rights while obtaining new counsel, Counsel agreed to file the Motion for Relief from Stay and Relief From Turnover of Property by Prepetition Custodian (the "<u>Turnover Motion</u>"). A Hearing on the Turnover Motion is set for May 3, 2010 at 10:00 a.m.

6. Counsel's withdrawal will not unduly prejudice Turkaman as the hearing on the Turnover Motion has been set for May 3, 2010, and Turkaman will have sufficient time to retain Mr. Schachter or other counsel.

Wherefore, Counsel respectfully requests that the Court permit withdrawal as counsel of record for Turkaman.

March 25, 2010,                                    Respectfully submitted,

                                                    Katten Muchin Rosenman LLP

                                                    By: _____
                                                        Daniel A. Platt

2

# Exhibit 1

MC-051

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel A. Platt (SBN 132665)<br>Katten Muchin Rosenman LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067-3012<br>TELEPHONE NO.: (310) 788-4400    FAX NO.: (310) 788-4471<br>ATTORNEY FOR *(Name)*: Plaintiff Kamran Ghadimi | CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>MAR 18 2010<br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>RUGENA LOPEZ |
| NAME OF COURT: Los Angeles Superior Court<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012-3014<br>BRANCH NAME: Central District | |
| CASE NAME: KAMRAN GHADIMI v. ALLEN SHENASI and DOES 1 through 30, inclusive. | CASE NUMBER:<br>BC427770 |
| **NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS<br>COUNSEL—CIVIL** | HEARING DATE: April 26, 2010<br>DEPT.: 71    TIME: 10:00 a.m.<br>BEFORE HON.: Soussan G. Bruguera<br>DATE ACTION FILED: December 10, 2009<br>TRIAL DATE: |

TO *(name and address of client)*: Dr. Kamran Ghadimi, 2736 Via Miguel, Palos Verdes, CA 90274

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney)*: Daniel A. Platt
   moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

   | a. | Date: April 26, 2010 | Time: 10:00 a.m. | Dept.: 71 | Room: |
   |---|---|---|---|---|

   b. The address of the court:  [X] same as noted above    [ ] other *(specify)*:

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify)*:

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
   a. [X] an individual.
   b. [ ] a corporation.
   c. [ ] a partnership.
   d. [ ] an unincorporated association.
   e. [ ] a guardian.
   f. [ ] a conservator.
   g. [ ] a trustee.
   h. [ ] a personal representative.
   i. [ ] a probate fiduciary.
   j. [ ] a guardian ad litem.
   k. [ ] other *(specify)*:

(Continued on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-051 [Rev. January 1, 2007]

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362

MC-051

| CASE NAME: KAMRAN GHADIMI v. ALLEN SHENASI and DOES 1 through 30, inclusive. | CASE NUMBER: BC427770 |
|---|---|

**NOTICE TO CLIENT**

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

6. If this motion is granted, the client must keep the court informed of the client's current address.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

Date: March 16, 2010

Daniel A. Platt
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF ATTORNEY)

Attorney for (name): Plaintiff Kamran Ghadimi

**PROOF OF SERVICE**
*Kamran Ghadimi v. Allen Shenasi*
LASC, Central, Case No. BC427770

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed by First Legal Support Services in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1511 W. Beverly Boulevard, Los Angeles, CA 90026-5704.

On March 17, 2010, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL – CIVIL** on the interested parties in this action as follows:

| X | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
|---|---|

Kamran Ghadimi
2736 Via Miguel
Palos Verdes Estates, CA 90274-4480
Tel.   (310) 377-4228
**Plaintiff**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 17, 2010 at Los Angeles, California.

__MARTIN MATA__            __MM__
PRINT NAME                 SIGNATURE

PROOF OF SERVICE

31517580_1_342241_00001

## PROOF OF SERVICE
*Kamran Ghadimi v. Allen Shenasi*
LASC, Central, Case No. BC427770

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On March 17, 2010, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL – CIVIL** as follows:

| | |
|---|---|
| X | by placing the document listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
| | by placing the document listed above in a sealed Overnite Express envelope and affixing a prepaid airbill and causing the envelope to be delivered to an Overnite Express agent for delivery to the persons at the addresses set forth below. |
| | by facsimile transmission on the interested parties in this action at the fax numbers listed on the attached Service List. I received confirmed transmission reports indicating that the document was successfully transmitted. The transmissions were reported as complete and without error. |

Franke J. Lizarraga, Jr., Esq.
Jesse T. Morrison, Esq.
Covington & Crowe, LLP
3800 E. Concours, Suite 300
Ontario, CA 91764-5907
Tel.    (909) 983-9393
Fax    (909) 391-6762
Email    flizarraga@coverowe.com
            jmorrison@covcrowe.com
Attorneys for Defendant Allen Shenasi

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the envelope would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 17, 2010 at Los Angeles, California.

*/s/ Dana M. Thompson*
DANA M. THOMPSON

PROOF OF SERVICE

31513298_342241_00001