SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CHRISTINE M. FITZGERALD, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel for Debtor, 374 W 8th Street, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>374 W 8TH STREET, LLC,<br><br>Debtor, and Debtor in Possession. | Bk. No. 2:10-bk-19554-ER<br><br>Chapter 11<br><br>**MOTION FOR ORDER SETTING DEADLINES FOR FILING PROOFS OF CLAIM AND INTEREST AND DECLARATION OF CHRISTINE M. FITZGERALD, ESQ. IN SUPPORT THEREOF**<br><br>[No Hearing Required pursuant to Local Bankruptcy Rule 9013-1(o)] |

374 West 8th Street, LLC, debtor in possession in the above-captioned Chapter 11 case ("Debtor" and "Case" respectively) hereby moves this Court, pursuant to Rule 3003 of the Federal Rules of Bankruptcy Procedure ("FRBP"), for entry of an order fixing the deadline[s] for filing proofs of claim or interest in the Case (the "Claim Bar Date").

This Motion is based upon the contemporaneous notice provided by Debtor under LBR 9013-1(o) ("9013-1 Notice"), the accompanying Memorandum of Points and Authorities, the Declaration of Christine M. Fitzgerald ("Fitzgerald Declaration"), the relevant documents filed in the Case, and such other evidence and arguments which may be presented at or before the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Motion seeks an order fixing the deadline[s] by which proofs of claim must be filed in the Case. In support of the Motion, the Debtor respectfully represents as follows:

### A. Background

On March 15, 2010 (the "Petition Date"), the Debtor filed its petition under Chapter 11 of the Bankruptcy Code. The Debtor is a California limited liability company, which was formed in August, 2005 for the purpose of developing and building eighteen (18) condominium units located at 374 West 8th Street, San Pedro, CA 90731 (the "Property"), which is a large lot (10,019 square feet) for the neighborhood.

The current managing member of the Debtor is Ashai Construction & Development Corporation, a California corporation ("Ashai Construction"). Ashai Construction is owned equally by Tony Ashai, f/k/a Aziz Ashai (President), and Athar Ashai (Secretary). The membership interests of the Debtor are held as follows: 2% Ashai Construction, 74% Tony and Jamila Ashai Children's Trust, with Athar Ashai as Trustee, and 24% Athar Ashai and Wasima Masoodi Children's Trust, with Tony Ashai as Trustee.

The Debtor purchased the Property for $950,000 in September 2005. Ashai Construction and Development was assigned to develop and construct the project on a "cost plus" basis, meaning that the construction would be completed for the cost of materials plus an amount for services of that company. In October 2006, the Debtor and its principals, Tony Ashai and Athar Ashai, entered a construction loan agreement with Vineyard Bank N.A. (the "First Lender"), for a loan with an interest rate of 9% (the "Note"). The project's plan includes eighteen condominium units, which range from 900 square feet to 1780 square feet and range from 1 bedroom/ 1 bathroom to 3 bedrooms / 2.5 bathrooms.

On March 5, 2009, Vineyard Bank filed a complaint in the Los Angeles Superior Court entitled "*Vineyard Bank, N.A., a national banking association v. 374 West 8th Street, a California, LLC et. al*", Los Angeles Superior Court Case No. BC 409044. In this action Rob Evans of Rob Evans & Associates, LLC was appointed as Receiver for the property on or about

March 10, 2009.

### B. Proposed Bar Date

#### 1. Bar Date

Debtor proposes that the deadline be August 1, 2010 for any and all creditors and holders of ownership interest in the above-referenced debtor to file proofs of claim against or proofs of interest in the debtor's estate.

#### 2. Additional Provisions of the Bar Date Order.

In addition to establishing the deadlines suggested above, the Debtor requests that the Bar Date Order provide the following:

i. Any party whose claim is listed on the Schedules which were filed on the Petition Date ("Schedules"), and was not listed as "disputed", "contingent", or "unliquidated" may, but need not, file a proof of claim in the Case.

ii. Any creditor whose claim is not reflected in the Schedules, or disagrees with the amount or description scheduled, or is listed in the Schedules as disputed, contingent, or unliquidated must file a proofs of claim no later than the Claim Bar Date, or they will not be entitled to participate in the Case or share in any distribution under the Plan.

iii. All proofs of claim must also be served by mail upon the Debtor's counsel, Clarkson, Gore & Marsella, APLC, ATTN: Christine M. Fitzgerald, Esq., 3424 Carson Street, Suite 350, Torrance, California 90503.

iv. Any creditor who desires to rely on the Schedules has the responsibility for determining that the claim is accurately listed. A copy of the Schedules may be obtained at the United States Bankruptcy Court located at 255 E. Temple Street, Room 940, Los Angeles, CA 90012.

v. The Motion does not request that the Court set a deadline for the resolution of disputed claims or deadline to file claim objections at this time. Circumstances of the Case and of the Court's calendar impair any predictability of such deadline.

///

3. **Notices**

The Motion also seeks entry of an order pursuant to FRBP Rule 2002 approving the form of the Notice of the Claim Bar Date ("Bar Date Notice"), authorizing the Debtor to the Bar Date Notice pursuant to Bankruptcy Code section 501 and FRBP Rules 2002, 3002 and 3003, and Bankruptcy Rule 9007 grants authority to the Court to designate the form and manner in which notice under the rules shall be given. The proposed form of the Bar Date Notice Order is appended as Exhibit "A" to the Fitzgerald Declaration; it was also served with the 9013-1(o) Notice.

The Debtor recognizes that it is necessary and appropriate to provide as wide a distribution of the Bar Date Notice as reasonably possible. The procedure proposed by the Debtor complies with the spirit of the Due Process Clause of the Fifth Amendment of the United States Constitution as construed by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). The Debtor is prepared to send a "Notice of Claims Deadline", a proposed copy of which is attached to the Fitzgerald Declaration as Exhibit "A", to all known creditors and interest holders, parties who have requested special notice, and other parties in interest as required by Bankruptcy Rule 2002.

C. **Discussion of the Rationale for the Proposed Deadlines**

Considering applicable procedural requirements and the circumstances of the Case, the Debtor submits that August 1, 2010, is an appropriate Claim Filing Bar Date. Assuming the Motion is approved by order entered at or near May 11, 2010, the Debtor would have approximately three weeks to serve an appropriate written notice of the Claim Bar Date and still provide more than sixty days advance notice of the Bar Date. The proposed deadline would also accommodate a reasonable timetable for confirmation and implementation of the Plan.

///
///
///
///

Motion for Claims Deadline
4

### D. Claims with Later Bar Dates

#### 1. Claims Under Executory Contracts or Unexpired Leases, Relating to Voidable Transfers or Arising from Certain Taxes.

Claims may arise against the Debtor from the rejection of executory contracts or unexpired leases, out of the recovery by the Debtor or avoidable transfer, or out of the incurrence of certain taxes. Unless the Court has previously ordered otherwise as to a particular claimant, the Debtor proposes that the Court order that all such proofs of claim be filed on or before the later of (i) the General Bar Date and (ii) the first business day that is at least thirty (30) calendar days after (a) the mailing of notice of entry of the order first approving the rejection of such contract or lease, (b) entry of an order or judgment voiding a transfer or (c) any relevant tax claim arises.

#### 2. Claims Arising from Further Amendments to the Schedules.

The Debtor proposes the following procedures with respect to any amendment to the Schedules which affects the status of a claim pursuant to Bankruptcy Code §1111(a):

(a) subsequent to notice, pursuant to Bankruptcy Rule 1009(a), of any amendment to the Schedules which reduces the liquidated amount of a scheduled, undisputed, liquidated, non-contingent claim or which reclassifies a scheduled, undisputed, liquidated, non-contingent claim to disputed, unliquidated, and/or contingent, the claimant affected by such amendment should be permitted to file a proof of such claim only on or before the later of (a) the General Bar Date, and (b) the first business day that is at least thirty (30) calendar days after the mailing of notice of such amendment, but only to the extent such proof of claim does not exceed the amount scheduled for such claim prior to such amendments.

(b) No extension of time is warranted if an amendment increases the scheduled amount of an undisputed, liquidated, or noncontingent claim.

These procedures will sufficiently protect creditors who rely upon the treatment of their claims in the Schedules

The Debtor proposes the following procedures to regulate any amendments to claims by claimants subsequent to the Claim Bar Date:

i. a creditor should not be allowed to file an "amendment" to increase any claim

Case 2:10-bk-19554-ER    Doc 35    Filed 04/21/10    Entered 04/21/10 14:22:46    Desc
Main Document    Page 6 of 16

deemed filed on its behalf under Bankruptcy Code §1111(a) by virtue of the listing of such claim in the Schedules, and

ii. any amendment to a proof of claim that was previously filed by the claimant prior to the applicable bar date should be disallowed to the extent that (i) such amended claim is not based on the same facts and circumstances as the timely filed proof of claim and (ii) any increased amounts included in the amended proof of claim were reasonably ascertainable by the claimant at the time of the applicable bar date.

These procedures respect the legitimate rights of claimants to amend their claims while eliminating certain types of purported "amendments" that would otherwise operate to evade the General Bar Date and undermine its rationale.

As set forth below, the Debtor proposes distribution of the Bar Date Order in a manner reasonably calculated to afford creditors actual notice thereof in a timely fashion. The Debtor submits that the proposed time period for the filing proofs of claim or interest is sufficient, reasonable, and appropriate.

E. **Effect of the Bar Dates**

The Debtor requests that the Court's order establishing the General Bar Date expressly provides that the Debtor and any creditor or interest holder that is required to, but that does not, file a proof of claim and/or claims objection, if applicable, in compliance with the procedures established and within the time period fixed by such order:

**1.** shall be forever barred from:

i. participating in any manner in this chapter 11 case;

ii. voting with respect to any plan of reorganization filed in this chapter 11 case; and

iii. receiving any distribution under any plan of reorganization;

**2.** shall be bound by the terms of any such plan of reorganization, if such plan is confirmed by the Court; and

Motion for Claims Deadline
6

1  **3.** shall not be entitled to receive any further mailings or notices in the Case.

The procedures proposed here are appropriate and fair to all affected parties because they are reasonably calculated to provide holders of claims against the Debtor with more than sixty days' notice of the Claim Bar Date and provide ample time for interested parties to take such action as deemed appropriate.

A Notice of this Motion was served and filed in conformity with LBR 9013-1(o); and the Motion will also be served on the OUST and all those who have filed and served requests for special notice.

WHEREFORE, the Debtor respectfully requests that the Court issue and enter the Bar Date Order; and grant such other and further relief as the Court deems appropriate.

Dated: April 21, 2010

CLARKSON, GORE & MARSELLA, APLC

By /s/ Scott C. Clarkson
Scott C. Clarkson
Eve A. Marsella
Christine M. Fitzgerald
Counsel for 374 W 8th Street, LLC,
Debtor and Debtor in Possession

# DECLARATION OF CHRISTINE M. FITZGERALD

I, Christine M. Fitzgerald, declare as follows:

1. I am an attorney with the law firm of Clarkson, Gore & Marsella, A Professional Law Corporation, counsel for 374 West 8th Street, LLC. I make this Declaration in support of the preceding Motion. For the sake of brevity and clarity, I adopt the definitions provided in the Motion.

2. I can and do, as a matter of personal knowledge, affirm the factual assertions made in the Motion. If called as a witness, could and would competently testify to those facts and to the matters stated below.

3. Attached hereto, marked Exhibit A is the proposed Bar Date Notice. Attached as Exhibit B is the 9013-1 Notice [and the Bar Date Notice which accompanied it when it was served on or about April 21, 2010].

4. I am of the considered belief that August 1, 2010 is an appropriate Claim Bar Date. For reasons elaborated in the Motion, that deadline is consistent with the time frame contained in the Bankruptcy Rules and Bankruptcy Local Rules, accommodates a reasonable timetable for confirmation and implementation of the Plan and provides ample opportunity for the filing of necessary proofs of claim or interest.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that this Declaration was executed on April 21, 2010 at Torrance, California.

Christine M. Fitzgerald

# EXHIBIT "A"

SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CHRISTINE M. FITZGERALD, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

[Proposed] Counsel for Debtor, 374 W 8th Street, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re: | Bk. No. 2:10-bk-19554-ER |
|---|---|
| 374 W 8TH STREET, LLC, | Chapter 11 |
| Debtor, and Debtor in Possession. | NOTICE OF CLAIMS DEADLINE |

## NOTICE OF CLAIMS DEADLINE

The Bankruptcy Court has set a deadline of August 1, 2010, for creditors and holders of ownership interest in the above-referenced debtor to file proofs of claim against or proofs of interest in the debtor's estate.

The exceptions to this deadline for filing proofs of claim or interest are: (1) claims arising from rejection of executory contracts or unexpired leases; (2) claims of governmental units; (3) claims arising as the result of transfer avoidance pursuant to chapter 5 of the Bankruptcy Code; and (4) claims arising from an amendment to the Schedules.

For claims arising from rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claims is: (a) 30 days after the date of entry of the order authorizing the rejection, or (b) by August 1, 2010, whichever is later.

For claims of "governmental units," as the term is defined in 11 U.S.C. § 101(27), proofs of claim are timely filed if filed: (a) before 180 days after the date of the order for relief in this case, or (b) by August 1, 2010, whichever is later. 11 U.S.C. § 502(b)(9).

For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim is: (a) 30 days after the entry of judgment avoiding the transfer, or (b) August 1, 2010, whichever is later.

In the event of the filing of any amendment to the Schedules ("Schedules Amendment") which

reclassifies a claim or interest scheduled as undisputed, liquidated or noncontingent to a claim or interest scheduled as contingent, disputed or unliquidated, or which otherwise affects adversely the claim of a creditor or the interest of any equity security holder, or which adds a claim or interest which was not previously listed in the Schedules, the creditor or equity security holder affected by such Schedules Amendment must file a proof of claim or proof of interest by the later of (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after the mailing to such creditor or equity security holder of the notice of such Schedules Amendment, or such claim or interest shall be barred by such Schedules Amendment.

A creditor or equity security holder shall have no extension of time to file a proof of claim or proof of interest if any Schedules Amendment increases the scheduled amount of an undisputed, liquidated, or noncontingent claim or interest, or otherwise does not affect adversely the treatment of the claim of such creditor or interest of such equity security holder. A creditor or equity security holder shall not be entitled to file, after the Bar Date, an "amendment" to its proof of claim or proof of interest to increase any claim or interest deemed filed by such creditor or equity security holder under Section 1111(a) of the Bankruptcy Code by virtue of the Debtor's listing of such claim or interest in the Schedules.

Any amendment to a claim filed by a creditor, and any amendment to an interest filed by an equity security holder, after the Bar Date shall be disallowed to the extent that (i) such amended claim or amended interest is not based on the same facts and circumstances as the creditor's claim or equity security holder's interest filed before the Bar Date, and (ii) any increased amounts included in the amended claim or amended interest were reasonably ascertainable by the creditor or equity security holder by the time of the Bar Date.

If you are listed on Schedule of Assets and Liabilities of ConnectTo Communications, Inc.. and your claim or interest is not scheduled as disputed, contingent, unliquidated or unknown your claim or interest is deemed filed in the amount set forth in the schedules, and the filing of a proof of claim or interest is unnecessary if you agree that the amount scheduled is correct and that the category in which your claim or interest is scheduled (secured, unsecured, preferred stock, common stock, *etc.*) is correct. 11 U.S.C. § 1111(a).

If your claim or interest is not listed on the schedules or is scheduled as disputed, contingent, unliquidated or unknown, or you disagree with the amount or description scheduled for your claim or interest, you must file a proof of claim or interest.

**Failure of a creditor or interest holder to file timely a proof of claim or interest on or before the deadline may result in disallowance of the claim or interest or subordination under the terms of a plan of reorganization without further notice or hearing. 11 U.S.C. § 502(b)(9). Failure of a creditor or interest holder to file timely a proof of claim or interest on or before the deadline will result in the creditor or interest holder not receiving any further notices regarding the case. Creditors and interest holders may wish to consult an attorney to protect their rights.**

# EXHIBIT B

1  SCOTT C. CLARKSON, ESQ. SBN 143271
   EVE A. MARSELLA, ESQ. SBN 165797
2  CHRISTINE M. FITZGERALD, ESQ. SBN 165797
   CLARKSON, GORE & MARSELLA
3  A PROFESSIONAL LAW CORPORATION
   3424 Carson Street, Suite 350
4  Torrance, California 90503
   (310) 542-0111 Telephone
5  (310) 214-7254 Facsimile

6  Counsel for Debtor, 374 W 8th Street, LLC

7
                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                          LOS ANGELES DIVISION
10

11 | In re:                              | Bk. No. 2:10-bk-19554-ER
12 |                                      |
   | 374 W 8TH STREET, LLC,              | Chapter 11
13 |                                      |
14 |       Debtor, and Debtor in Possession. | **NOTICE OF MOTION FOR ORDER SETTING DEADLINES FOR FILING PROOFS OF CLAIM AND INTEREST**
15 |                                      |
16 |                                      | [No Hearing Required pursuant to Local Bankruptcy Rule 9013-1(o)]
17

18        **TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES**

19 **BANKRUPTCY JUDGE, ALL CREDITORS, PERSONS HAVING FILED REQUESTS**

20 **FOR SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

21        **NOTICE IS HEREBY GIVEN** that, 374 West 8th Street, LLC, a California limited

22 liability company, debtor in possession in the above-captioned Chapter 11 case (the "Debtor"

23 and "Case" respectively), has filed a motion with the Court (the "Motion") pursuant to Rule

24 9019-1(o) of the Local Bankruptcy Rules ("LBR") and Rule 3003 of the Federal Rules of

25 Bankruptcy Procedure ("FRBP") for an Order establishing a deadline for the filing proofs of

26 claim or interest in the Case ("Claim Bar Date").

27        **NOTICE IS FURTHER GIVEN** that this Notice is given in conformity with LBR

28 9013-1(o); and that, although the Motion is summarized here, you may obtain a copy of the

Motion by contacting Christine M. Fitzgerald, of Clarkson, Gore & Marsella, APLC, at 3424 Carson Street, Suite 350, Torrance, CA 90503, telephone (310) 542-0111.

**NOTICE IS FURTHER GIVEN** that the Debtor proposes that the Claim Bar Date be fixed at August 1, 2010.

**NOTICE IS FURTHER GIVEN** that if the requests for relief described here are granted, the following alleged creditors will be required to file proofs of claim or interest (in form and substance confirming to FRBP 3001) on or before the Claim Bar Date.

1. Holders of secure claims, if any;
2. Holders of claims entitled to "priority" under §507(a) of the Bankruptcy Code (11 U.S.C. §507(a)), other than professionals employed in the Case and the Office of the United States Trustee;
3. Any governmental unit holding a claim entitled to priority under §507(a)(8) of the Bankruptcy Code;
4. Any person whose alleged claim was not listed on the Schedules filed by the Debtor at the outset of the Case ("Schedules");
5. Any person whose claim was listed on the Schedules, and labeled "disputed" and/or "unliquidated" and/or "contingent";
6. Any creditor whose claim was listed on the Schedules; but who disagrees with teha mount stated in the Schedules;
7. Any creditors whose claim arose from the rejection of an unexpired lease (whether such lease involved real property or personal property); and
8. Any creditor whose claim arose from the rejection of an executor contract.

**NOTICE IS FURTHER GIVEN** that if the Motion is granted, Debtor shall cause to be served by first class mail, no later than sixty (60) days before the Claim Bar Date, a notice in the form attached hereto as Exhibit "A".

**NOTICE IS FURTHER GIVEN** that if the requests for relief made in the Motion are granted, absent a grant by the Court of extraordinary relief (under the Bankruptcy Code or the

Notice of Motion for Claims Deadline

2

FRBP), all persons (other than those creditors whose claims are listed on the Schedules) who fail to file a proof of claim or interest by the Claim Bar Date shall be barred from:

1. Participating in the Case;
2. Receiving any distribution under any plan of reorganization confirmed in the Case;
3. In the event the Case is converted to one under Chapter 7 of the Bankruptcy Code, from receiving any distribution by the Chapter 7 Trustee; and
4. Receiving any other notices regarding the case.

**NOTICE IS FURTHER GIVEN** that if you wish to object to the relief requested in the Motion you must do so in writing which conforms with the requirements that: a) the Objection is served and filed no later than fourteen (14) days from the date of this Notice; and b) you set, with the Court a hearing on the Objection ("Hearing"); and c) you provide notice of the Hearing to the Debtor's counsel (whose contact information appears in the upper left corner of page 1 of this Notice) within the time prescribed in LBR 9013-1.

**NOTICE IS FURTHER GIVEN** that if no Objection is filed; or if the objecting party fails to comply with LBR 9013-1, the Court may grant the Motion and issue an Order which conforms with the contents of this Notice.

Dated: April 21, 2010

CLARKSON, GORE & MARSELLA, APLC

By: _____
Scott C. Clarkson
Eve A. Marsella
Christine M. Fitzgerald
Counsel 374 W 8th Street, LLC, Debtor and Debtor in Possession

Notice of Motion for Claims Deadline

3

| In re: | CHAPTER 11 |
|---|---|
| 374 WEST 8th STREET, LLC<br><br>Debtor(s) and<br>Debtors in Possession | CASE NUMBER: 2:10-bk-19554-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described **MOTION FOR ORDER SETTING DEADLINES FOR FILING PROOFS OF CLAIM AND INTEREST AND DECLARATION OF CHRISTINE M. FITZGERALD, ESQ. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 21, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Office of the United States Trustee**
United States Trustee (LA)
Ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **April 21, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge**
Honorable Ernest M. Robles
255 E. Temple St  Suite 1560
Los Angeles, CA 90012

**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 21, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 21, 2010 | Carla Benson | _/s/ Carla Benson_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9013-3.1